# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                    **Case No. 09-CR-78**

**LERVON CAMPBELL**
        **Defendant.**

## MEMORANDUM

Defendant Lervon Campbell pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and the parties agree that based on his prior record he qualifies as an armed career criminal under 18 U.S.C. § 924(e), requiring a 15 year minimum sentence. Defendant is now serving a state sentence after revocation, and he asks me to run his federal sentence concurrently. He further requests that I reduce his federal sentence to reflect credit for time already served on the "related" state sentence.

Although I possess the discretion to run the federal sentence concurrently, see 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c), I cannot award sentence credit, see United States v. Wilson, 503 U.S. 329, 333-34 (1992), order that the federal sentence commence prior to the date of imposition, see United States v. Walker, 98 F.3d 944, 945-46 (7th Cir.1996), or, under these circumstances, adjust the sentence below the minimum required by statute, see United States v. Simmons, 450 F. Supp. 2d 574, 580-81 (E.D. Pa. 2006). Because claims of this sort have arisen in several cases recently, I publish this memorandum addressing the legal issues involved.

## I. SENTENCE CREDIT

The Bureau of Prisons ("BOP"), not the sentencing court, determines sentence credit. See Wilson, 503 U.S. at 333-34; United States v. Koller, 956 F.2d 1408, 1417 (7th Cir. 1992); see also United States v. McNeil, 573 F.3d 479, 484 (7th Cir. 2009) (stating that "the district court lacks the authority to order the Bureau of Prisons to give credit for time served before the federal sentence is imposed"). A defendant dissatisfied with the BOP's credit determination may challenge it under 28 U.S.C. § 2241, but such actions must be brought against the defendant's prison custodian in the district of confinement, not in the sentencing court. See, e.g., Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997); United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995); Koller, 956 F.2d at 1417; see also United States v. Prevatte, 300 F.3d 792, 799 n.2 (7th Cir. 2002) (citing Garza v. Lappin, 253 F.3d 918, 921 (7th Cir. 2001)). Finally, the BOP is precluded from granting credit for time credited to another sentence. See 18 U.S.C. § 3585(b) (providing that no period of incarceration can be credited against a federal sentence if it already has "been credited against another sentence"); see also United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000) (discussing § 3585(b)); McGee, 60 F.3d at 1272 (explaining that the BOP cannot award credit for time credited to a state sentence, even when a federal detainer is in place). This rule applies even when a defendant, serving a state sentence, spends time in the custody of the United States Marshal pursuant to a writ of habeas corpus ad prosequendum. See, e.g., Jake v. Herschberger, 173 F.3d 1059, 1062 n.1 (7th Cir. 1999); Sinito v. Kindt, 954 F.2d 467, 469 (7th Cir. 1992); Flick v. Blevins, 887 F.2d 778, 781 (7th Cir. 1989).

2

Case 2:09-cr-00078-LA    Filed 10/09/09    Page 2 of 10    Document 27

## II.  COMMENCEMENT OF SENTENCE

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a).  Under this statute, a federal sentence cannot commence before it is imposed. E.g., Saucedo-Ventura v. United States, No. 4:08-309, 2009 WL 2602188, at *4 (D.S.C. Aug. 24, 2009) (citing Walker, 98 F.3d at 945-46, for the proposition that "it is well-settled that a federal sentence cannot commence before it is imposed").  The district court may order a federal sentence run concurrently with an undischarged state term, see 18 U.S.C. § 3584(a); Romandine v. United States, 206 F.3d 731, 737-38 (7th Cir. 2000), and the BOP can implement such a directive by designating a state facility as the place of federal confinement, see 18 U.S.C. §§ 3585(a) & 3621(b); Romandine, 206 F.3d at 738.  However, as noted above, the BOP cannot give credit for any period of pre-sentence custody that has already been credited against another sentence, see 18 U.S.C. § 3585(b); Ross, 219 F.3d at 594, and the district court cannot avoid this limitation by "back-dating" or otherwise directing that the federal sentence commence before it was pronounced, see United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998); see also Thomas v. Hollingsworth, No. 09-cv-085, 2009 WL 2246381, at *1 (S.D. Ill. July 28, 2009) (explaining that a federal sentence ordered to run concurrently with a state sentence does not commence on the same date as the previous state sentence, making the sentences "fully" concurrent); Winston v. Stansberry, No. 3:08cv553, 2009 WL 2230844, at *4 (E.D. Va. July 21, 2009) ("In calculating time served for concurrent sentences, BOP considers a federal sentence to commence when it is imposed.") (footnote omitted).

3

## III. SENTENCE ADJUSTMENTS

The rules set forth above do not forbid the fashioning of a federal sentence that is "fully concurrent" with an undischarged state term. The district court may, in some circumstances, "adjust" a federal sentence so as to make it, effectively, fully concurrent. Indeed, when the state sentence resulted from another offense that is relevant conduct to the federal offense of conviction and was the basis for an increase in the offense level for the instant federal offense under chapters two or three of the sentencing guidelines, U.S.S.G. § 5G1.3(b) provides that:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b); see also U.S.S.G. § 5K2.23 (stating that the court may grant a downward departure if the defendant has completed a sentence to which U.S.S.G. § 5G1.3(b) would have applied). The Seventh Circuit has held that, under this guideline, courts should grant such an adjustment even if it lowers the sentence below a mandatory minimum term set by a statute, including the Armed Career Criminal Act, 18 U.S.C. § 924(e). Ross, 219 F.3d at 594-95.

The court grants such an adjustment not by awarding credit or back-dating the sentence but rather by simply shortening the term it otherwise would have imposed. The application notes provide this example:

> The defendant is convicted of a federal offense charging the sale of 40 grams of cocaine. Under § 1B1.3, the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court. The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 12-18 months (Chapter Two

4

> offense level of level 16 for sale of 55 grams of cocaine; 3 level reduction for acceptance of responsibility; final offense level of level 13; Criminal History Category I). The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result.

U.S.S.G. § 5G1,3 cmt. n.2(D).

Although the guidelines do not provide for such an adjustment when the state offense does not constitute relevant conduct, see U.S.S.G. § 5G1.3(c) & cmt. n.3(E),[1] courts may, pursuant to their general sentencing discretion under 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), reduce a sentence so as to make it fully concurrent. See, e.g., United States v. Villegas-Miranda, 579 F.3d 798 (7th Cir. 2009) (finding legally meritorious the argument that the district court may reduce a sentence based on the lost opportunity to serve it concurrently with state time); United States v. Tariq, No. 06-CR-336, 2008 WL 5210869, at *3 (E.D. Wis. Dec. 12, 2008) (collecting cases addressing such adjustments); United States v. Brannon, 377 F. Supp. 2d 667, 670-71 (E.D. Wis. 2005) (discussing the court's ability to modify a federal sentence to make it fully concurrent with an undischarged state sentence); see also McNeil, 573 F.3d at 484 (noting "that the only way for the district court to impose a 'fully concurrent' sentence was to reduce the federal sentence by the amount of time already served on the state sentences").

As noted above, in the present case the undischarged term of imprisonment arises out of the revocation of defendant's state supervision. In cases in which the defendant is serving

---

[1] Application note 3(E) provides: "Unlike subsection (b), subsection (c) does not authorize an adjustment of the sentence for the instant offense for a period of imprisonment already served on the undischarged term of imprisonment."

5

an undischarged term of imprisonment based on a revocation, U.S.S.G. § 5G1.3(c) applies. See U.S.S.G. § 5G1.3 cmt. n.3(C); United States v. Broadnax, 536 F.3d 695, 701-02 (7th Cir.), cert. denied, 129 S. Ct. 665 (2008). Section 5G1.3(c) states that the court may order the sentence run concurrent or consecutive to achieve a reasonable punishment for the instant offense. U.S.S.G. § 5G1.3(c). Although the application notes recommend that the court order the federal sentence run consecutively when the undischarged term resulted from a revocation, see U.S.S.G. § 5G1.3 cmt. n.3(C), the court is not bound by that recommendation and may nevertheless order the sentences run concurrently, see, e.g., United States v. Jackson, 546 F.3d 465, 469-70 (7th Cir. 2008); United States v. Huusko, 275 F.3d 600, 603 (7th Cir. 2001). As a general matter, the court also possesses discretion under § 3553(a) to reduce the federal sentence to account for the time spent in state custody on a revocation sentence. See, e.g., United States v. Santoya, 493 F. Supp. 2d 1075, 1081 n.11 (E.D. Wis. 2007).

However, the court may not, under § 3553(a), reduce a sentence below the minimum required by statute. See, e.g., United States v. Franklin, 547 F.3d 726, 735 (7th Cir. 2008) (rejecting the defendant's argument that the district court had authority to depart from the mandatory minimum and consider the factors set forth in § 3553 to impose a lesser sentence), cert. denied, 2009 WL 811561 (U.S. Oct. 05, 2009). Nor, when U.S.S.G. § 5G1.3(c) applies, may the court "adjust" the sentence below a statutory mandatory minimum. See, e.g., United States v. Maldonado, 297 Fed. Appx. 106, 108 (3d Cir. 2008) ("Neither § 5G1.3(c) nor application note 3(E) provides that a district court may impose a sentence below a statutory mandatory minimum in order to achieve a reasonable incremental punishment for the instant offense when there is an undischarged sentence."); Palacios v. United States, No. 08-CV-2445, 2009 WL 604597, at *6 (E.D.N.Y. Mar. 4, 2009) (holding that the court is not authorized to

6

adjust a sentence below the statutory minimum under § 5G1.3(c)); Triliegi v. United States, No. 07-C-462, 2007 WL 1574058, at *2-3 (E.D. Wis. May 29, 2007) (explaining that Ross does not apply and that a sentence adjustment below a mandatory minimum may not be granted in a § 5G1.3(c) case); Simmons, 450 F. Supp. 2d at 580 (concluding "that an adjustment to a statutory mandatory minimum under § 5G1.3 was appropriate only when a defendant is serving an undischarged term for the same or related criminal conduct").

### IV. DEFENDANT'S REQUEST

Defendant notes that his state extended supervision was revoked based solely on his arrest in this case. However, that does not mean that the revocation sentence is based on "related" conduct within the meaning of § 5G1.3(b). As indicated above, § 5G1.3(b) applies only when the undischarged sentence "resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)." U.S.S.G. § 5G1.3(b); see also U.S.S.G. § 5G1.3 cmt. n.2(B) (explaining that § 5G1.3(b) applies only when the prior offense increases the offense level under chapters two or three and constitutes relevant conduct). The guidelines specifically provide that § 5G1.3(c) applies when the undischarged sentence is based on a revocation. See U.S.S.G. § 5G1.3 cmt. n.3(C). This is so even when the revocation is prompted by or based on the instant federal offense conduct. See, e.g., United States v. Vales, 272 Fed. Appx. 204, 206-07 (3d Cir. 2008); United States v. Fifield, 432 F.3d 1056, 1062-63 (9th Cir. 2005). As the court explained in United States v. Garcia-Hernandez, 237 F.3d 105, 110 (2d Cir. 2000), "when a criminal defendant is imprisoned as a result of his violation of the terms of his parole, the 'offense' that 'results' in his

7

imprisonment is, for the purposes of § 5G1.3(b), the underlying prior offense of conviction, not the conduct violative of his parole conditions." Finally, as discussed above, the cases hold that adjustments below a mandatory minimum may not be granted when § 5G1.3(c) applies.

Defendant cites Ross as authority for his request, but that case is distinguishable. Ross broke into a home and stole a handgun. He was charged in state court with residential burglary, pleaded guilty, and was sentenced to 20 years' imprisonment. 219 F.3d at 593. The federal government then charged him with possession of a firearm by a felon, contrary to 18 U.S.C. § 922(g)(1), based on the same gun, and he pleaded guilty to that charge as well. Because he had three prior violent felony convictions, he qualified as an armed career criminal under § 924(e). By the time the district court sentenced Ross on the federal charge, he had already served 34 months on the undischarged state sentence. At sentencing, Ross argued that U.S.S.G. § 5G1.3(b) required the court to impose his federal sentence concurrently with the undischarged residential burglary sentence and to reduce his federal sentence by the 34 months he had already served on the undischarged state sentence. The district court, without objection from the government, agreed and ordered the federal prison term to run concurrently with the remainder of the state prison term based on its determination that Ross's burglary conviction was "fully taken into account" in the offense level calculation.[2] However, instead of sentencing Ross to 154 months – the low end of his guideline range less the 34 months

---

[2] Although the opinion does not discuss the manner in which the state burglary increased the federal offense level, presumably it was based on the application of U.S.S.G. § 2K2.1(b)(6). See U.S.S.G. § 2K2.1 cmt. n.14(B) (explaining that § 2K2.1(b)(6) applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary"). In United States v. Drake, 49 F.3d 1438, 1439 n.1 (9th Cir. 1995), one of the cases Ross relied upon, the court noted that the application of this guideline enhancement made the cases "related" for purposes of § 5G1.3(b).

8

already served – the district court sentenced him to 188 months and attempted to order the BOP to give him a 34 month "credit" against that term. The court of appeals concluded that this was error. 219 F.3d at 594.

The court of appeals first noted that the district court lacked authority to order the BOP to give Ross credit, and in any event § 3585(b) forbid the BOP from giving credit for time applied against another sentence. Id. Under these circumstances, the district court should have reduced the federal sentence by 34 months to award this credit. Id. The court of appeals acknowledged that Ross was an armed career criminal, subject to a 15-year mandatory minimum sentence, but concluded that this did not change the result:

> On the surface of things, it would appear that the requirement of Application Note 2 to apply the 34-month credit to Ross's sentence would have left his net sentence 26 months short of the statutorily required 15-year minimum term. In our view, however, such a conclusion would exalt form over substance. Ross's total sentence for purposes of § 924(e) should be viewed as the sum of the sentence reflected on the federal district court's order of judgment (which here said 188 months, but should have said the 154 months the judge intended he should actually serve) plus the 34 months he has already served for the "conduct taken into account in determining the guideline range." The effect of § 924(e) is to require that the total of the time served plus the federal sentence cannot be less than 180 months (the mandatory 15-year period), but Ross's total is 188 months, comfortably above that range. Two other circuits have come to the same conclusion on similar facts. See Drake, 49 F.3d at 1440-41; [United States v. Kiefer, 20 F.3d 874, 876-77 (8th Cir.1994).] As the Kiefer court pointed out, the language of § 924(e) stipulates that an armed career criminal like Ross "shall be . . . imprisoned not less than fifteen years." The statute does not specify any particular way in which that imprisonment should be achieved. . . .
>
> We conclude the computation of the total term of imprisonment for purposes of § 924(e) may, consistently with Application Note 2 to § 5G1.3, be accomplished by adding up the number of months the defendant has served on the related conviction and the number of months assessed in the federal judgment. The total must equal or exceed the statutory mandatory minimum of 180 months. On remand, the sentencing court shall give Ross the full 34-month credit for the time he served on the undischarged state sentence and amend the total in the federal sentence accordingly.

9

Id. at 595.

Defendant contends that the key question under Ross is whether his sentence after revocation is "related" to the instant case. He then cites state statutes and cases discussing re-confinement sentences after revocation of extended supervision and argues that they support the notion that his revocation sentence, based on the same conduct before me, is related under Ross. But Ross does not endorse this sort of analysis. In Ross, everyone agreed that § 5G1.3(b) applied. As explained above, under that guideline cases are "related" for purposes of a sentence adjustment only when the other offense constitutes relevant conduct and forms the basis for an increase in the offense level under chapters two and three. Federal cases specifically reject the notion that a sentence after revocation is "related" for purposes of § 5G1.3(b) simply the revocation was prompted by the instant offense conduct.

Unlike in Ross, the undischarged state sentence in the present case is not based on relevant conduct forming the basis for an increase in the offense level under chapters two and three.[3] Defendant cites no case holding that an adjustment may be granted in his circumstances, and I have found none. Therefore, for all of these reasons, defendant's request for credit or a sentence adjustment below the mandatory minimum must be denied.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[3] Defendant also discusses U.S.S.G. § 1B1.3, the relevant conduct guideline, and its application note 8, but those provisions have no bearing on the issue before me here.

10