# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
  **Plaintiff,**

 v.                **Case No. 09-CR-78**

**LERVON CAMPBELL**
  **Defendant.**

## ORDER

Defendant Lervon Campbell pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and in the plea agreement the parties stipulated that based on three prior burglary convictions he qualified as an armed career criminal under 18 U.S.C. § 924(e), requiring a 15 year minimum sentence. I sentenced him to 180 months (adjusted to 156 months to account for account for time served on a state sentence). The Seventh Circuit dismissed his direct appeal of the adjusted sentence. United States v. Campbell, 422 Fed. Appx. 545 (7th Cir. 2011). Defendant then filed a motion to vacate his sentence under 28 U.S.C. § 2255, but I denied that motion on Rule 4 screening. Campbell v. United States, No. 16-C-449, 2016 U.S. Dist. LEXIS 53530 (E.D. Wis. Apr. 21, 2016). He took no appeal of that order.

On July 8, 2019, defendant filed a letter "concerning the new law that cover[s] the ACCA." (R. 66 at 1.) He indicates that he is near the end of his sentence, "but an early release would be fine." (Id.) The district court generally lacks authority to modify a sentence, see 18 U.S.C. § 3582(c), and it is unclear which "new law" might apply here. The First Step Act appears to have no relevance. Defendant has also filed a letter, which he asks be forwarded to Federal Defender Services, in which he indicates the ACCA is unconstitutional. This

perhaps suggests a claim under Johnson v. United States, 135 S. Ct. 2551 (2015) and its progeny.

**IT IS ORDERED** that defendant's request for early release (R. 66) is dismissed.

**IT IS FURTHER** ordered that defendant's letter is referred to Federal Defender Services pursuant to the court's August 2015 administrative order on Johnson claims.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2019.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge